NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 22, 2020
Decided August 12, 2020

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 19-3190

| | |
|---|---|
| HEATHER PLAINSE, | Appeal from the United States |
| *Plaintiff–Appellant,* | District Court for the Eastern |
| | District of Wisconsin. |
| *v.* | |
| | No. 1:18-cv-01381-WCG |
| ANDREW M. SAUL, Commissioner | |
| of Social Security, | William C. Griesbach, |
| *Defendant–Appellee.* | *Judge.* |

## O R D E R

Heather Plainse filed for disability insurance benefits and supplemental security income benefits in early 2015. She claimed disability beginning on June 11, 2014, due to a heart condition and juvenile rheumatoid arthritis. Plainse began working at age seventeen. From 2011 to 2016, she worked for nine different employers but could not sustain employment due to joint pain and severe fatigue. The Social Security Administration denied her claims both initially and upon reconsideration. Plainse requested an administrative hearing and appeared in July 2017.

The administrative law judge (ALJ) denied Plainse's claim in August 2017. The ALJ found that Plainse suffered from a congenital heart disease and rheumatoid arthritis but held that neither was severe enough to meet the Listing of Impairments criteria. *See* 20 C.F.R. § 416.925. The decision stated that Plainse's fatigue was associated with treatable conditions like low iron and her inconsistent use of medication. The ALJ reasoned that Plainse's residual functional capacity would allow her to perform "a range of sedentary work." Relying on a vocational expert, the ALJ concluded that Plainse could find entry-level work as an order clerk or in final assembly.

Plainse filed an action for judicial review in the district court, arguing the ALJ erred in finding Plainse was not disabled. Specifically, Plainse argued that: (1) the ALJ ignored her severe fatigue; (2) the residual functional capacity analysis was not function-by-function; (3) the listing discussion was perfunctory; (4) the ALJ failed to adequately weigh her treating physician's opinion; and (5) the vocational expert's findings were unreliable since they contradicted the Dictionary of Occupational Titles. The district court affirmed the denial of benefits. On appeal, Plainse raises the same five arguments.

This court will uphold the denial of benefits if the ALJ's decision applied the correct legal standard and is supported with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. § 405(g)). Here, substantial evidence supported the decision. The ALJ noted that Plainse showed significant progress between August 2014 and March 2017. She responded positively to medication and said her arthritis appeared to be under control. Rather than ignore her fatigue, the ALJ adequately determined it was not severe enough to render her disabled.

Remand is appropriate when the ALJ fails to provide adequate support for the stated conclusions, see *id.*, but in this instance the decision satisfied federal regulations and was logically sound. Relying on Social Security Ruling 96-8p, Plainse claims the decision failed to perform a function-by-function analysis. In reality, it discussed various aspects of her physical abilities before concluding she could perform sedentary work. Plainse also claims the listing discussion was flawed since it merely stated her impairments did not meet the criteria. However, the following section that describes her progress clearly supports the ALJ's reasoning.

The ALJ also adequately weighed her physician's opinion and properly relied on the vocational expert. A treating physician's opinion may be entitled to "controlling weight" if it is consistent with other evidence in the record. *Gerstner v. Berryhill*, 879 F.3d 257, 261

(7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)). The physician completed an arthritis questionnaire stating Plainse's severe fatigue rendered her disabled. The ALJ appropriately discounted this conclusion when later, by March 2017, the same physician said Plainse's arthritis was in remission. Finally, per Social Security Ruling 00-4p, the ALJ explained the slight departure from the Dictionary of Occupational Titles and was entitled to rely on the expert's testimony that entry-level "order clerk" positions existed within the national economy.

We find no error and AFFIRM the denial of benefits.